UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PATRICK MONSEES, | : | Civil Action No. |
| | : | |
| Plaintiff | : | **PLAINTIFF REQUESTS A** |
| | : | **TRIAL BY JURY** |
| -vs- | : | |
| | : | **COMPLAINT** |
| IKEA U.S. RETAIL, LLC; and | : | |
| IKEA PURCHASING SERVICES | : | |
| (U.S.) INC., | : | |
| | : | |
| Defendant | : | |
| | : | |

Plaintiff, PATRICK MONSEES ("Plaintiff" or "MONSEES"), by and through undersigned counsel, hereby files this Civil Action Complaint against Defendants IKEA U.S. RETAIL, LLC and IKEA PURCHASING SERVICES (U.S.) INC. (collectively "Defendants" or "IKEA"), and upon information and belief avers as follows:

## NATURE OF THE CASE

Plaintiff brings this action for race discrimination, hostile work environment, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA").

Plaintiff, a highly qualified white, Caucasian male manager, was denied a promotion in favor of a significantly less qualified Black, African American employee who lacked comparative experience, was on a final warning for tardiness, and had inferior performance history. Plaintiff was subsequently terminated without cause. After termination, Human Resources acknowledged uncertainty as to how the discriminatory selection decision was made.

Defendants' conduct was intentional, willful, and carried out with reckless disregard for Plaintiff's federally and state protected rights. Plaintiff seeks all remedies available under federal and Pennsylvania law.

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

2.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.  Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as a substantial part of the unlawful employment practices and discriminatory conduct occurred in Montgomery County, Commonwealth of Pennsylvania, where Plaintiff worked for Defendants and where the alleged discrimination and termination took place.

4.  On or around September 10, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Pennsylvania Human Relations Commission ("PHRC"), alleging race discrimination, hostile work environment, and wrongful termination.

5.  On September 15, 2025, the EEOC issued Plaintiff a Notice of Right to Sue.

6.  Plaintiff initiates this action within ninety days of his receipt of the EEOC's Notice of Right to Sue, as required by 42 U.S.C. § 2000e-5(f)(1).

**PARTIES**

7.   Plaintiff, PATRICK MONSEES, is an adult individual residing in Gloucester City, New Jersey.

8.   At all times material, Plaintiff was employed by Defendants as a Customer Operations and Payments Manager.

9.   Defendant IKEA U.S. RETAIL, LLC is a foreign limited liability company authorized to conduct business in Pennsylvania with a principal place of business at 420 Alan Wood Road, Conshohocken, PA 19428.

10. Defendant IKEA PURCHASING SERVICES (U.S.) INC. is a foreign business corporation authorized to conduct business in Pennsylvania with the same principal place of business.

11. At all times material, Defendants jointly employed Plaintiff and controlled the terms and conditions of his employment.

12. At all times material, Defendants were employers within the meaning of Title VII, Section 1981, and the PHRA.

**MATERIAL FACTS**

13. On or around June 1, 2021, Plaintiff was hired by Defendants for the position of Customer Operations and Payments Manager.

14. Plaintiff is a white, Caucasian male and a member of a protected class under Title VII, § 1981, and the PHRA.

15. Plaintiff consistently performed his job with excellence, diligence, and skill, using several years of relevant managerial experience.

16. Plaintiff successfully managed multiple employees and received positive evaluations throughout his employment.

17. On or around February 3, 2024, Defendants announced a restructuring plan led by Supervisor George Holtkamp (hereinafter "Holtkamp").

18. This restructuring merged Plaintiff's position with Holtkamp's role to create a new position called Customer Operations Manager.

19. The position was posted internally, and Plaintiff applied.

20. Interviews for the position took place on or around April 15, 2024.

21. Plaintiff was one of three candidates being considered and had substantial experience performing the functions required of the new position.

22. The second candidate was a white, Caucasian individual with eight years of experience and was one of Plaintiff's subordinates.

23. The third candidate, Lauren Robinson, was a Black, African American employee with less than one year of experience in a lower-tier position and was on a final written warning for excessive tardiness.

24. Robinson was significantly less qualified than Plaintiff by all objective employment criteria.

25. Despite Plaintiff's superior qualifications, Defendants selected Robinson for the position.

26. Upon information and belief, Robinson was selected based on race.

27. On or around April 25, 2024, shortly after the interviews concluded, Defendants terminated Plaintiff's employment without legitimate justification.

28. Plaintiff had no disciplinary history and had performed his duties without issue.

29. After Plaintiff's termination, he met with Human Resources Generalist Linda Selegean (hereinafter "Selegean").

30. Plaintiff stated that he believed the promotion process was discriminatory and that Defendants favored Black candidates over white candidates.

31. Selegean responded that she "doesn't know how this could have happened," indicating internal concerns regarding the fairness of the selection process.

32. Human Resources failed to investigate or take any remedial action in response to Plaintiff's concerns.

33. Defendants' conduct caused Plaintiff severe emotional distress, humiliation, and anxiety with physical manifestations.

34. Plaintiff suffered loss of income, loss of career advancement opportunities, and reputational harm.

35. Defendants have exhibited a pattern and practice of selecting candidates based on race rather than merit and ignoring complaints of discrimination.

36. Upon information and belief, Defendants' decision to select a significantly less qualified Black, African American candidate over Plaintiff was consistent with broader DEI-driven employment practices designed to increase representation of certain demographics by suppressing opportunities for white male employees. Defendants' reliance on DEI metrics rather than job-related qualifications demonstrates discriminatory intent and provides additional evidence of pretext regarding Plaintiff's denied promotion and subsequent termination.

37. Defendants' discriminatory conduct was severe and pervasive and created a hostile work environment.

38. Plaintiff makes claims under the continuing violations doctrine where applicable.


## COUNT I
### Race Discrimination
(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.)

39. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

40. Plaintiff is a member of a protected class.

41. Plaintiff was qualified for the promotion and for continued employment.

42. Defendants denied Plaintiff a promotion based on race.

43. Defendants terminated Plaintiff's employment due to his race.

44. Defendants' conduct constitutes unlawful discrimination under Title VII.

45. As a result, Plaintiff suffered economic loss, emotional distress, and other damages.


## COUNT II
### Hostile Work Environment in Violation of Title VII
(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.)

46. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

47. Defendants subjected Plaintiff to severe and pervasive discriminatory conduct based on
race.

48. This conduct altered the terms and conditions of Plaintiff's employment.

49. Defendants' conduct created a hostile work environment in violation of Title VII.

50. Plaintiff suffered damages as a result.


## COUNT III
### Wrongful Termination in Violation of Title VII

51. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

52. Defendants terminated Plaintiff because of his race.

53. Defendants acted intentionally and with reckless disregard for Plaintiff's rights.

54. Plaintiff suffered lost wages, lost benefits, and emotional harm.

**COUNT IV**
**Race Discrimination in Violation of 42 U.S.C. § 1981**

55. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

56. Defendants denied Plaintiff a promotion and terminated his employment because of his

    race.

57. Defendants acted willfully and maliciously in violation of § 1981.

58. Plaintiff suffered economic and emotional damages.

**COUNT V**
**Wrongful Termination in Violation of 42 U.S.C. § 1981**

59. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

60. Defendants wrongfully terminated Plaintiff based on race in violation of § 1981.

61. Plaintiff suffered loss of employment, wages, and emotional distress.

**COUNT VI**
**Race Discrimination in Violation of the Pennsylvania Human Relations Act**
43 P.S. § 951 et seq.

62. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

63. Plaintiff's Charge was dual filed with the PHRC.

64. Defendants denied Plaintiff a promotion and wrongfully terminated his employment

    because of his race.

65. Defendants' conduct violated the PHRA.

66. Plaintiff suffered damages as a direct result.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

**FREUNDLICH & LITTMAN, PLLC**
Attorneys for Plaintiff

By: */s/ Samuel C. Wilson, Esq.*
Samuel C. Wilson, Esquire
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
F: (215 545-8510
E: *sam@fandllaw.com*

Dated: December 15, 2025